IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Case No. 19-cv-01028-RBJ

JOHN EDMONDS,

    Applicant,

v.

SCOTT DAUFFENBACH, CDOC-FCF Warden,

    Respondent.

---

ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

This matter comes before the Court on the *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, filed April 4, 2019, by Applicant John Edmonds. On July 8, 2019, Respondent was ordered to show cause why the Application should not be granted. Respondent filed a Response to Order to Show Cause , ECF No. 13, on August 1, 2019. Applicant failed to reply to the Response within the time allowed. After reviewing the pertinent portions of the record in this case including the Application and the Response, the Court concludes that the Application should be denied.

## I.  BACKGROUND

Applicant is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Applicant was convicted of two counts of sex assault on a child from a person in a position of trust and was

1

sentenced to ten years to life on one count and to twelve years to life on the other count. ECF No. 13 at 1-2. In the instant Application, Applicant is challenging the results of his January 7, 2019 Colorado State Parole Board review, in which the Board deferred his request for parole until January 2020 due to the "Severity/Circumstances of offense" and because Applicant had recently started sex offender treatment. ECF No. 13 at 2.

Applicant asserts one claim in the § 2241 Application. He contends that at the January 7, 2019 parole hearing the board member denied his parole solely on the fact that he must "complete" mandatory sex offender treatment, which is arbitrary, lacking in a rational basis, and a factor outside the scope of the applicable statute. He further contends that "[w]hile this mandatory language makes participation in a treatment program an absolute prerequisite for release on parole, the mere mention of 'completion' as a factor to deny parole has not only an irrational basis and arbitrariness, but it is outside the scope of the law, thus exceeding the limits set-forth in [Colo. Rev. Stat.] § 18-1.3-1006(1)(a)." ECF No. 1 at 2. Applicant asks that this Court issue a writ conditioned on a new parole review hearing, in which the Board is limited to considering Applicant's "progression" in treatment and not a "completion" factor. *Id.* at 4.

## II. LEGAL STANDARDS

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d

809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The Court must construe Applicant's claims and arguments liberally because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should act as an advocate for a pro se litigant. See Hall, 935 F.2d at 1110. Construing the Application liberally, the Court finds Applicant is claiming that the denial of release on parole violates his constitutional right to due process.

### III. DISCUSSION

The instant action was timely filed within one year after the January 7, 2019 denial of parole. In addition, Applicant is not required to exhaust state remedies prior to challenging the denial of parole in this habeas corpus action. See Wildermuth v. Furlong, 147 F.3d 1234, 1235 n.1 (10th Cir. 1998). Therefore, the Court will consider the merits of Applicant's claims.

**A. Liberty Interest/Parole**

The United States Constitution guarantees due process only when a person is deprived of life, liberty, or property. See Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994). Applicant was not deprived of life or property when he was denied release on parole in January 2019. Therefore, he was not entitled to any procedural protections in connection with the denial of parole unless he was deprived of a

constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480-84 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest may arise from either the United States Constitution itself or from state or federal law. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998). However, it is clear the Constitution itself does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

An examination of the parole scheme applicable to Applicant demonstrates that Applicant also does not have a constitutionally protected liberty interest that arises under Colorado state law. "For defendants serving sentences in Colorado for crimes committed on or after July 1, 1985, the [Parole] Board has unlimited discretion to grant or deny parole." *Mulberry v. Neal*, 96 F. Supp.2d 1149, 1150 (D. Colo. 2000); *see also Thiret v. Kautzky*, 729 P.2d 801, 805 (Colo. 1990); Colo. Rev. Stat. § 17-22.5-303(6). Pursuant to the Colorado Department of Corrections website, Applicant committed the crimes in 2006. *See* www.doc.state.co.us/oss/. Therefore, the parole board's decision is discretionary under state law and does not give rise to a constitutionally protected liberty interest. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009) (reaffirming that "a federal liberty interest in parole only arises when a

4

prisoner has a legitimate claim of entitlement to it.").

As part of the Sex Offender Lifetime Supervision Act (SOLSA), Colorado requires sex offenders to serve the minimum sentence and to progress in treatment until the parole board determines the offender no longer poses an undue threat to society if treated and monitored appropriately. *See* Colo. Rev. Stat. § 18-1.3-1006(1)(a). Thus, the parole board must consider "whether the sex offender has successfully progressed in treatment." *Id.* However, the SOLSA leaves to the parole board the ultimate discretionary decision of "whether the sex offender may be released on parole." *Id.*; *see also Vensor v. People*, 151 P.3d 1274, 1276 (Colo. 2007) (SOLSA "assigns discretion to the parole board to release" a sex offender).

Based on the above findings, the Court finds that Colorado state law does not create a constitutionally protected liberty interest in parole. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009) (reaffirming that "a federal liberty interest in parole only arises when a prisoner has a legitimate claim of entitlement to it" and that "the mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest"); *Diaz v. Lampela*, 601 F. App'x 670, 676-77 (10th Cir. 2015) ("SOLSA does not create a liberty interest in parole of sex offenders.").

Applicant, therefore, fails to demonstrate he has been deprived of a constitutionally protected liberty interest with respect to the denial of parole in January 2019. In the absence of a constitutionally protected liberty interest, Applicant is not entitled to any procedural protections prior to being denied parole and any due process

5

claim Applicant is asserting based on the denial of parole lacks merit.

### B. Judicial Review/Parole Determinations

Even assuming the denial of parole did implicate a constitutionally protected liberty interest, judicial review is narrow because "parole determinations inherently do not lend themselves to concrete and identifiable standards." *Schuemann v. Colo. State Bd. of Parole*, 624 F.2d 172, 174 (10th Cir. 1980). "[T]he district court reviews the Parole Board's action for abuse of discretion, asking whether the Board's action resulted in an abridgement of the petitioner's constitutional rights." *Wildermuth*, 147 F.3d at 1236; *see also Schuemann*, 624 F.2d at 173 (stating that a court "may review [a] decision of the parole board to determine if it was arbitrary, capricious or an abuse of discretion."). The parole board's decision regarding whether to release an inmate is "subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." *Greenholtz*, 442 U.S. at 9-10. The Court's "inquiry is only whether there is a rational basis in the record for [the parole board's] conclusions embodied in its statement of reasons." *Mulberry*, 96 F. Supp.2d at 1151. "So long as there was sufficient evidence before the Parole Board to support its decision, its actions are not an abuse of discretion." *Id.*

Under Colorado law, a parole interview shall be conducted by one or more parole board members as follows:

> Whenever an inmate initially applies for parole, the

6

> board shall conduct an interview with the inmate. At such
> interview at least one member of the board shall be present.
> Any final action on an application shall not be required to be
> made in the presence of the inmate or parolee, and any such
> action shall require the concurrence of at least two members
> of the board. When the two members do not concur, a third
> member shall review the record and, if deemed necessary,
> interview the applicant and cast the deciding vote. Any
> subsequent application for parole shall be considered by the
> board in accordance with the provisions of paragraph (a) of
> subsection (4) of this section.

Colo. Rev. Stat. § 17-2-201(9)(a)(I); *see also* Colo. Rev. Stat. § 17-2-201(9)(a)(II)
(providing that "[t]he provisions of subparagraph (I) of this paragraph (a) shall also apply
to all interviews of inmates who apply for parole pursuant to section 17-22.5-303, who
were sentenced for an offense committed on or after July 1, 1979."). Section 17-2-
201(4)(a) provides that the parole board has the following powers and duties:

> To meet as often as necessary every month to
> consider all applications for parole. The board may parole
> any person who is sentenced or committed to a correctional
> facility when such person has served his or her minimum
> sentence, less time allowed for good behavior, and there is a
> strong and reasonable probability that the person will not
> thereafter violate the law and that release of such person
> from institutional custody is compatible with the welfare of
> society. If the board refuses an application for parole, the
> board shall reconsider the granting of parole to such person
> within one year thereafter, or earlier if the board so chooses,
> and shall continue to reconsider the granting of parole each
> year thereafter until such person is granted parole or until
> such person is discharged pursuant to law.

Colo. Rev. Stat. § 17-2-201(4)(a).

Although the parole board's explanation is terse, there is no question that the
nature of the crime committed, and completion of sex offender treatment are proper

7

factors for consideration by the parole board. *See Schuemann*, 624 F.2d at 174. Furthermore, "[i]t would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function." *Id.* The Court, therefore, finds Applicant fails to demonstrate that the Parole Board's decision to deny parole was an abuse of discretion.

### III. Conclusion

For these reasons, Applicant is not entitled to any relief and the habeas corpus application will be denied.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal, he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, filed April 4, 2019, by Applicant John Edmonds is DENIED and the action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 16th day of October, 2019.

BY THE COURT:

R. BROOKE JACKSON
United States District Judge